## SETTLEMENT AND GENERAL RELEASE AGREEMENT

THIS SETTLEMENT AND GENERAL RELEASE AGREEMENT (hereinafter referred to as "the Agreement"), is entered into by and between Eric Lopez (hereinafter referred to as "Plaintiff"), Motivational Coaches of America, Inc. f/k/a The Non-Violence Project USA, Inc. d/b/a NVPUSA Healthcare, Avael Julio, Paul Rendulic, and Ronald Celiz (hereinafter referred to as "Defendants").

"Plaintiff" shall at all times include Eric Lopez, and his spouse, agents, heirs, administrators, executors, personal representatives, successors, attorneys and assigns.

"Defendants" shall at all times include Motivational Coaches of America, Inc. f/k/a The Non-Violence Project USA, Inc. d/b/a NVPUSA Healthcare, Avael Julio, and every one of Defendants' current and former employees, directors, officers, contractors, agents, partners, attorneys, as well as their heirs, administrators, executors, personal representatives, successors and assigns, and any and all other persons with whom any of the former have been, are now, or may hereafter be affiliated.

WHEREAS, claims exist between the parties from the case of Lopez v. Motivational Coaches of America, Inc. f/k/a The Non-Violence Project USA, Inc. d/b/a NVPUSA Healthcare, Case No.: 1:17-cv-20774-KMM, in the United States District Court, Southern District of Florida, in addition to other claims and potential claims between the Plaintiff and Defendants;

WHEREAS, Defendants deny the allegations of any and all claims asserted by the Plaintiff in the above referenced case or any other matter or claim;

WHEREAS, all parties to the Agreement are desirous to settle and compromise all claims which have, or might be made from the above case, in addition to any and all other claims between the parties, in order to avoid the uncertainty and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, Defendants and Plaintiff intend to be legally bound and do stipulate and agree, as follows:

1. The above "Whereas" clauses and representations are true and correct and are incorporated herein.

2. The Agreement is a general release, not a specific release, and contains provisions of confidentiality and non-disparagement, which are material terms of the Agreement.

3. In full and final settlement of all claims by the Plaintiff against the Defendants, Defendants agree to pay the Plaintiff a total of Four-Thousand Nine-Hundred Dollars ($4,900.00) in one payment made payable to Levy & Levy, P.A. Trust, to be delivered to Levy & Levy, P.A., 1000 Sawgrass Corporate Parkway, Suite 588, Sunrise, Florida 33323 within ten (10) calendar days after the Plaintiff executes this Agreement.

4. The Plaintiff and his counsel understand and agree that no other monetary consideration, payments and/or benefits or contributions will be provided to the Plaintiff, except as expressly provided in paragraph three (3) herein.

5. The Plaintiff further agrees that he will be solely responsible for the payment of any and all taxes due and owing on the monetary amount received by him, with the exception of attorneys fees and costs, as specified in paragraph three (3). In the event that the Plaintiff fails to pay any and all taxes due on the above settlement amount, Plaintiff hereby agrees to indemnify and hold the Defendants harmless for any and all claims, costs and expenses, incurred in relation thereto.

6. By entering into this Agreement, the Plaintiff does hereby forever release, acquit, satisfy, and discharge Defendants from any and all claims, including any and all claims under any

state human rights ordinance or statute, the Florida Civil Rights Act of 1992, Florida's Whistleblower Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act of 1992, the Age Discrimination in Employment Act of 1967, the Family and Medical Leave Act, the Fair Labor Standards Act, Florida Unpaid Wages Statute, the Plaintiff Retirement Income Security Act, and any amendments to the foregoing statutes, and any other Federal or State statute, or any other local ordinance, or common law cause of action, contract, agreement, including, but not limited to any and all causes of action, suits, debts, dues, sums of monies, wages, whistle-blowing, accounts, commissions, retaliation, bonuses, profit sharing sums, reckonings, benefits, bonds, bills, specialties, covenants, controversies, agreements, promises, damages, judgments, claims, and any demands whatsoever, in law or in equity, which Plaintiff had, now has, or hereafter can, shall, or may have against the Defendants on any matter, cause or thing whatsoever, from the beginning of the world until today, including, but not limited to, any and all matters or claims arising out of Plaintiff's employment with Defendants.

7. Upon Plaintiff's receipt of the payment in paragraph three (3) herein and the Defendants' execution of this Agreement, the Plaintiff further understands and acknowledges that, as part of the Agreement, he will file a "Stipulation for Dismissal With Prejudice" for the case of Lopez v. Motivational Coaches of America, Inc. f/k/a The Non-Violence Project USA, Inc. d/b/a NVPUSA Healthcare, Case No.: 1:17-cv-20774-KMM, in the United States District Court, Southern District of Florida.

8. Plaintiff understands and agrees that the Agreement is a confidential document as are all of the terms and conditions expressed herein. Plaintiff also understands and agrees he will not

make any statement/s, either orally or in writing, concerning the Defendants, Defendants' business practices and products, his employment with the Defendants, the Agreement, the payments under the Agreement, and his lawsuit, and that these matters SHALL remain confidential pursuant to the Agreement. Accordingly, Plaintiff agrees that, unless required by a court of competent jurisdiction, he will not disclose or discuss the above matters with any other person, company or agency, except with his attorney/s or accountant/s. In the event, Plaintiff discusses or discloses this confidential information to his attorney/s or accountant/s, it shall be his exclusive duty, responsibility and obligation to advise said individuals of the confidential provision of the Agreement and to direct them not to violate the conditions of the Agreement with any other persons. As such, Plaintiff shall be fully and completely responsible for any breach of this confidentiality provision whether it be a breach by his or a breach by his spouse, attorney/s and/or accountant/s.

9. Plaintiff understands and agrees that the Agreement also contains a non-disparagement provision which Plaintiff recognizes as a material term of this provision. As such, Plaintiff hereby understands and agrees that he will not make any type of negative or disparaging statement/s, either written or orally, concerning the Defendants, its business practices or employees. Defendants hereby agrees that should it receive any inquiries for a job reference for the Plaintiff, that the Defendants will provide a neutral reference to the prospective employer, which includes only the dates of employment, rate of pay, and job position/duties.

10. It is understood among the Parties that this Agreement does not constitute an admission of any wrongful or unlawful conduct by the Defendants.

11. The parties hereto acknowledge that they have been represented by counsel and have had an ample opportunity to secure legal counsel to review the Agreement.

12. Plaintiff also represents that he timely received and thoroughly reviewed the Agreement prior to its execution and that he fully understands and comprehends the Agreement, including the general release of all claims, the provisions of confidentiality and non-disparagement, and acknowledges that the Agreement is the result of negotiations between the Parties; that Defendants has not made any representations other than those contained herein; that Plaintiff is of sound mind and of sound health; and, that Plaintiff will be bound by the Agreement.

14. Plaintiff has been encouraged by the Defendants to obtain legal advice prior to execution of the Agreement and the Plaintiff acknowledges that he has fully reviewed and fully discussed the contents of the Agreement with his legal counsel, and Plaintiff also acknowledges that he is fully satisfied with the advice and services of said legal representative.

15. The Agreement constitutes the entire understanding and agreement of Defendants and Plaintiff and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the written consent of both Parties.

16. If any provision of the Agreement or any part of any provision of the Agreement is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provision/s or part/s of the Agreement.

17. Any claim arising out of the Agreement, or the execution of the Agreement, shall be brought in the State of Florida, of the Seventeenth Judicial Circuit of Broward County, Florida only, and the prevailing party shall be entitled to attorney's fees, expenses and costs.

18. The Parties have read and understood the Agreement, have voluntarily agreed to sign the Agreement and therefore agree to be bound thereby.

THIS AGREEMENT is executed by and between the Parties on the dates depicted below:

By: *(signature)* Eric López

Date: 4/24/17

By: _____
Avael Julio

Date: _____

By: _____
Ronald Celiz

Date: _____

By: _____
Motivational Coaches of America, Inc. f/k/a The Non-Violence Project USA, Inc. d/b/a NVPUSA Healthcare

Date: _____

By: _____
Paul Rendulic

Date: _____

6

18. The Parties have read and understood the Agreement, have voluntarily agreed to sign the Agreement and therefore agree to be bound thereby.

THIS AGREEMENT is executed by and between the Parties on the dates depicted below:

By: _____
Eric Lopez

Date: _____

By: *[signature]*
Avael Julio

Date: 04/17/2017

By: *[signature]*
Ronald Celiz

Date: 04/17/2017

By: *[signature]*
Motivational Coaches of America, Inc. f/k/a The Non-Violence Project USA, Inc. d/b/a NVPUSA Healthcare

Date: 04/17/2017

By: Paul A. Rendulic, Ph.D.
Paul Rendulic

Date: 04/17/2017

6